**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                  **CRIMINAL NO. 5:19-CR-2
(Judge Bailey)**

**DAVID E. BEAZEL,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO SUPPRESS

Pending before this Court is the Report and Recommendation [Doc. 51] issued by Magistrate Judge James P. Mazzone on July 8, 2019. This Court, having reviewed Defendant Beazel's Motion to Suppress Evidence [Doc. 22], the Report and Recommendation, defendant Beazel's Objections to the Report and Recommendation [Doc. 61], the United States' Response to Objections [Doc. 64], and the transcript of the evidentiary hearings before Magistrate Judge Mazzone, does adopt the Report and Recommendation for the following reasons:

Mr. Beazel's Motion to Suppress Evidence emanates from an arrest and subsequent search occurring on June 4, 2017. On that day, law enforcement officers arrived at his home located at 1066 Battle Run Road, Triadelphia, West Virginia, seeking to serve a DMV Notice to Secure for revocation of a license plate. The two officers, West Virginia State Trooper First Class C.W. Heckler ("Trooper Heckler") and Ohio County Sheriff's Deputy Dean Motta ("Deputy Motta"), soon came to realize that the individual to be served

1

no longer resided at that address. Trooper Heckler, however, could see two males inside the residence, who exited the home and engaged the trooper. The two men were defendant Beazel and Michael Edward McCardle, Jr. The two officers detected the strong odor of marijuana coming from the residence. The defendant admitted that both men had been smoking marijuana in the residence. Mr. McCardle told the officers that his girlfriend might be home, and that she might be asleep.

Afterward, entered the residence through the basement door while Deputy Motta remained outside with the defendant and McCardle. Upon entrance, Trooper Heckler observed a clear plastic bag which he believed to be marijuana. In the same general area, he observed a firearm in a holster. He then conducted a sweep of the basement. Without looking in any containers, drawers, closets, etc., he observed a marijuana grow room.

Trooper Heckler then went back outside, detained both of the men, notified dispatch of the situation, and requested backup. He then returned to the basement to secure it. He did not pursue the other person or persons inside, and instead waited for backup to arrive. Once they arrived on scene, law enforcement cleared and secured the residence in anticipation of obtaining a search warrant. The girlfriend, Amy Beaver, was in a bedroom on the first floor. The R&R notes that neither defendant nor McCardle were violent or non-compliant with each other or with the officers. Once a search warrant was obtained, officers discovered eighty-eight (88) marijuana plants, drug paraphernalia, suspected methamphetamine, suspected methamphetamine-manufacturing supplies, and the firearms which for the basis of the unlawful possession of a firearm count as charged in the Indictment.

The defendant argues that the search of his residence was unconstitutional and

therefore, all evidence from the same should be suppressed. It is in fact undisputed that Trooper Heckler did not have a warrant or consent to enter defendant's apartment. Exigent circumstances, however, did exist to justify the warrantless entry. The Fourth Circuit Court of Appeals in *United States v. Moses* explained that "where police officers (1) have probable cause to believe that evidence of illegal activity is present and (2) reasonably believe that evidence may be destroyed or removed before they could obtain a warrant," exigent circumstances exist. 540 F.3d 263, 270 (4th Cir. 2008)(quoting *United States v. Cephas*, 254 F.3d 488, 494-95 (4th Cir. 2001)).

In his Objections, the defendant acknowledges that the R&R found that "exigency was present at the time of Trooper Heckler's warrantless entry into defendant's home because evidence existed that (1) contraband was in the home, (2) another person was inside the home, and (3) the contraband could have been easily destroyed." [Doc. 61 at 5, citing Doc. 51 at 7]. Despite what the defendant wants the standard to be, this finding is legally sufficient.

First, there was contraband inside the home as admitted by the defendant and McCardle; i.e., a marijuana smoking "bowl." Thus, the first element of exigency—probable cause—was present. Next, this Court finds the officers reasonably believed that evidence may have been destroyed before they could obtain a warrant. *See United States v. Grissett*, 925 F.2d 776, 778 (4th Cir. 1991)("[T]he proper inquiry focuses on what an objective officer could reasonably believe."). Here, as indicated in the R&R this reasonable belief was established by the defendant and McCardle's candid account of having smoked illegal drugs inside the house and indicating a third person was in the house, who could

have easily destroyed what they believed to be marijuana before a warrant could be obtained.

This Court is unpersuaded by defendant's argument that because Amy Beaver ultimately was found sleeping in the upstairs apartment that this "mere fact . . . is legally insufficient to support a reasonable belief that destruction of contraband in the downstairs apartment was 'imminent.'" [Doc. 61 at 12]. Just as defendant and Mr. McCardle knew the officers were outside the house, so too would it have been reasonable to believe the third person inside the house knew the officers were outside. Thus, it would be perfectly reasonable to believe that third person remained inside to destroy the evidence.

This Court finds the cursory search after the arrest to be proper. Upon locating the firearm and marijuana grow room, the officers obtained a search warrant, which was properly issued and executed.

For the reasons stated above and for the reasons more fully stated in the R&R, this Court **ADOPTS** the Report and Recommendation of the Magistrate Judge **[Doc. 51]**. Accordingly, this Court **OVERRULES** Defendant Beazel's Objections **[Doc. 61]** and **DENIES** his Motion to Suppress Evidence **[Doc. 22]**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: August 14, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE